# 2001 DTA 141

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL DE SAN JUAN

JULIA DELGADO TORRES
Recurrida

v.

EJ REALTY Y/O EILEEN J. ROSADO JUNGHANNS, MAYRA HEREDIA
Recurrentes

Núm. KLRA-00-00852

San Juan, Puerto Rico, a 4 de abril de 2001

Panel integrado por su Presidenta, la Juez Alfonso de Cumpiano,
y los Jueces Aponte Jiménez y González Román

Alfonso de Cumpiano, Jueza Ponente

# TEXTO COMPLETO DE LA RESOLUCION

EJ Realty y/o Eileen J. Rosado Junghanns (EJ) presentaron recurso de revisión en el que solicitan la revocación de la resolución del Departamento de Asuntos del Consumidor (DACO), que les ordenó la devolución a la Sra. Julia Delgado Torres de la suma de mil cuatrocientos cincuenta dólares ($1,450.00) pagada por ésta en concepto de pronto para la compraventa de una residencia. En esencia, plantean que erró DACO en la apreciación de la prueba presentada al concluir que la señora Delgado Torres no incumplió el contrato de opción de compraventa y que se aplicaba al caso la cláusula de devolución del dinero. DACO compareció en oposición al recurso.

Consideradas las posiciones de las partes a la luz del expediente y del derecho aplicable, procede denegar el recurso.

Los hechos pertinentes a la controversia son los siguientes. El 29 de diciembre de 1999, la señora Delgado Torres y EJ otorgaron un contrato de opción para la compraventa de una propiedad perteneciente al Sr. José Carlos Estrada y a la Sra. Amparo Gutiérrez. Conforme el contrato, el precio dispuesto para la compraventa fue de ochenta y dos mil dólares ($82,000.00) y quedó establecido entre las partes que la casa se vendía como estaba.

La señora Delgado Torres pago a EJ mil seiscientos dólares ($1,600.00) en concepto de pronto, que se depositaron en una cuenta plica hasta que se firmaran las escrituras. Según dispuesto en el contrato de opción, la escritura de compraventa se firmaría en o antes de los noventa (90) días de firmado el contrato de opción. Tanto el vendedor como el comprador debían esforzarse al máximo para cooperar y acelerar la transacción. De no obtenerse el financiamiento en los términos indicados en el contrato, se le devolvería al comprador el dinero depositado por concepto de cuenta o reserva, ($1,600.00), reteniendo EJ ciento cincuenta dólares ($150.00) por concepto de gastos administrativos. El contrato disponía que estaba sujeto a la aprobación por los vendedores, y una vez aprobado, obligaba a ambas partes, que cubría el acuerdo total entre el comprador y el vendedor y que no existían acuerdos verbales de ninguna índole. Además, establecía que si los compradores rehusaban formalizar la compra en los términos dispuestos, el dinero depositado sería confiscado, la mitad se entregaría a los vendedores y la otra mitad a EJ. Apéndice del recurso, pág. 68.

La señora Delgado Torres hizo gestiones para el financiamiento y comenzó a hacer reparaciones en la propiedad que le fueron requeridos para la obtención de financiamiento.

El 15 de marzo de 2000, EJ envió una carta a la señora Delgado Torres informándole que el 28 de marzo vencía el período de noventa (90) días establecido en el contrato de opción para llevar a cabo la transacción y que debido a que ésta no había podido concluir las reparaciones requerida por FHA procedería a confiscar el pronto pago conforme los términos del aludido contrato. Le informó también que las reparaciones habían causado daños a la propiedad. Apéndice del recurso, págs. 110-111.

En respuesta enviada a EJ, la señora Delgado Torres explicó las gestiones que llevó a cabo para el financiamiento y las reparaciones y solicitó la devolución de los mil seiscientos dólares ($1,600.00) de conformidad con el contrato y de novecientos noventa y dos dólares con cinco centavos ($992.05) que invirtió en las reparaciones. Ante la negativa de EJ y la solicitud del dueño de que se le entregara la parte del dinero que le correspondía, la señora Delgado Torres presentó una querella ante DACO. Solicitó la devolución del pronto y el pago del costo de las reparaciones realizadas o, en su defecto, que la casa fuese reparada por peritos en los daños que faltaban por reparar. Acompañó la querella con varios documentos, entre estos, evidencia de los gastos incurridos, fotos de las reparaciones realizadas, requisitos del financiamiento. Apéndice del recurso, págs. 9-56.

Luego de celebrada la vista ante el oficial examinador, en la que se presentó testimonio por las partes, DACO dictó la resolución recurrida. En ésta incluyó las determinaciones de hechos y conclusiones de derecho en las que basó su dictamen.

Como determinaciones de hechos, DACO expresó en la resolución que para lograr el financiamiento de la propiedad, a solicitud de la señora Delgado Torres, la co-demandada, Sra. Mayra Heredia, gestionó la aprobación de dos préstamos. El primero de ellos fue un préstamo convencional que no requería efectuar reparaciones para su aprobación. Determinó que la señora Delgado Torres no pudo asumir el préstamo convencional por lo cual la señora Heredia gestionó el otro préstamo a través de FHA.

Según la resolución, el 5 de marzo de 2000, se realizó la tasación de la propiedad por FHA. Se le indicaron a la señora Delgado Torres las reparaciones que debían efectuarse a la casa como requisito de aprobación del préstamo. Entre las reparaciones identificadas se mencionaron: proveer un tratamiento al techo, reparar el inodoro, reparar una ventana, cambiar los operadores de las ventanas, instalar una puerta, pintar la casa y remover una tubería. El costo de las reparaciones se estimó en dos mil quinientos dólares ($2,500.00).

La señora Delgado Torres accedió a llevar a cabo algunas de esas reparaciones con el propósito de lograr el financiamiento, y al no poder concluirlas, solicitó del dueño que las finalizara. El dueño se negó, reclamando que la venta de la propiedad era tal como se encontraba.

Dispuso DACO que no surgía de la prueba que la querellante rehusara formalizar la compraventa dentro del término dispuesto en el contrato, que ella efectuó varias reparaciones en ánimo de que el préstamo fuera aprobado, no pudiendo concluirlas por falta de dinero. Añadió que la señora Delgado Torres realizó los esfuerzos para concluir su compromiso de hacer las reparaciones sin estar obligada y no incumplió el contrato de cerrar la transacción en noventa (90) días. Determinó, además, que tanto la parte querellante como la querellada asumieron los riesgos de sus actuaciones por lo que la querellante no podía reclamar lo invertido en las reparaciones y la querellada debió prever que si no hacían las reparaciones no se aprobaría el financiamiento.

A la luz de esas determinaciones, DACO ordenó a EJ devolver a la señora Delgado Torres la suma de mil cuatrocientos cincuenta dólares ($1,450.00), cantidad final después de descontados los ciento cincuenta dólares ($150.00) de gastos incurridos por EJ. Inconforme, EJ solicita la revocación de la decisión. Plantea que erró DACO al concluir que la señora Delgado Torres no pudo asumir el primer financiamiento. Señala, además, que erró la agencia al determinar que la señora Delgado Torres no rehusó formalizar la compra dentro del término dispuesto en el contrato y que ésta no venía obligada a realizar las reparaciones de la propiedad. Por último, plantea error al ordenarle la devolución total del depósito cuando el dueño de la propiedad, a quien le correspondía la mitad, no fue incluido en el pleito.

Toda vez que los planteamientos del recurso van dirigidos a cuestionar la prueba evaluada por DACO, debemos señalar el alcance de nuestra función revisora en las resoluciones administrativas. Es doctrina reiterada que las decisiones administrativas gozan de una presunción de corrección bajo la cual dichas decisiones deben ser respetadas mientras la parte que las impugna no produzca evidencia suficiente para derrotarlas. *Henríquez v. Consejo de Educación Superior*, 120 D.P.R. 194, 210 (1987). Al revisar casos de esta naturaleza, debemos tomar en cuenta, en primer lugar, la norma que requiere confirmar las determinaciones de hechos de la agencia administrativa, siempre que sean sostenidas por evidencia sustancial obrante en el expediente y revisar las conclusiones de derecho en toda su extensión. En segundo lugar, rige la norma que proscribe la sustitución del criterio del organismo administrativo por el judicial, excepto cuando aquél sea errado en derecho, arbitrario o irrazonable. Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. sec. 2175; *Misión Industrial de Puerto Rico v. Junta de Planificación, et als*, 142 D.P.R. __ (1997), **97 J.T.S. 79**, pág. 1161; *Misión Industrial de Puerto Rico v. Junta de Planificación. et als*, 142 D.P.R. __ (1997), **97 J.T.S. 34**, pág. 719; *Fuertes y otros v. A.R.P.E.*, 134 D.P.R. 947, 953 (1993); *Murphy Bernabé v. Tribunal Superior*, 103 D.P.R. 692 (1975).

La evidencia sustancial es aquella relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. Para que un tribunal pueda determinar que la evidencia en el expediente administrativo no es sustancial, es necesario que la parte afectada demuestre que existe prueba en el récord que razonablemente reduzca o menoscabe el peso de la evidencia. *Ramírez Rivera v. Depto. Salud y Administración de Salud Mental y Contra la Adicción*, 147 D.P.R. __ (1999), **99 J.T.S. 47**, pág. 817; *Hilton Hotel v. Junta de Salario Mínimio*, 74

D.P.R. 670 (1953).

En cuanto al derecho aplicable a la controversia bajo consideración, rige la Ley para Reglamentar el Negocio de Bienes Raíces y la Profesión de Corredor, Vendedor o Empresa de Bienes Raíces en Puerto Rico. Ley Núm. 10 de 26 de abril de 1994, 20 L.P.R.A. secs. 3025 y ss. DACO es la agencia facultada para entender en querellas que surjan bajo la referida ley.

El artículo 31 de la Ley Núm. 10, *supra*, en lo pertinente dispone:

"*Actos o prácticas proscritas.*

*Por la presente, se proscriben los siguientes actos o prácticas específicas:*

*(A) Se prohibe a toda persona sujeta a las disposiciones de este capítulo, incurrir, o inducir a otra persona a incurrir, en cualquiera de los actos o prácticas que se enumeran a continuación:*

...

*(11) Retener cualquier depósito cuando no se lleve a cabo la transacción o gestión objeto de dicho depósito sin que haya culpa del comprador."*

20 L.P.R.A., sec. 3054.

Sobre el depósito entregado por la señora Delgado Torres, el contrato de opción a compra firmado entre las partes dispone:

"*La escritura de compraventa será preparada por el notario que escojan los vendedores y será firmada en o antes de los noventa (90) días. De no obtenerse el financiamiento en los términos arriba indicados, se le devolverá el dinero depositado por concepto de cuenta de reserva al comprador y se le retendrá $150.00 por concepto de gastos administrativos de EJ Rosado-Junghanns Realty. Ambos, el vendedor y el comprador, deben esforzarse al máximo por cooperar y acelerar la transacción."*

La cuestión que correspondía a DACO dilucidar en este caso era si la transacción de compraventa no se llevó a cabo sin que mediara culpa de la compradora, en cuyo caso procedía la devolución del dinero adelantado, tanto ante lo dispuesto por ley, como en el contrato de opción.

Según la prueba evaluada por DACO, la señora Delgado Tores no pudo asumir el financiamiento convencional que le fue gestionado por la Sra. Mayra Heredia y solicitó de ésta que gestionara el financiamiento por FHA. No está en controversia que las reparaciones de la vivienda eran requisito indispensable para la aprobación del financiamiento por FHA y que la señora Delgado Torres efectuó reparaciones que no fueron terminadas dentro del término dispuesto en el contrato de opción para concluir la compraventa.

No existe prueba en el expediente que indique que la señora Delgado Torres se obligara con EJ a hacer las referidas reparaciones y que, por tanto, incumplió el acuerdo entre las partes, al no completarlas. El contrato específicamente excluia cualquier contrato o acuerdo verbal entre las partes.

No consta prueba alguna en el expediente a los efectos de que la señora Delgado Torres podía asumir el financiamiento convencional o que no tenía que hacer las reparaciones para el financiamiento por FHA o que podía incurrir en los costos de todas las reparaciones requeridas. Por tanto, no hay base para concluir que ella se negó a finalizar la compraventa dentro del término dispuesto en el contrato. Por el contrario, las actuaciones de la señora Delgado Torres, al llevar a cabo algunas de las reparaciones requeridas para el financiamiento por FHA, son muestra de su interés de cumplir con el contrato.

DACO aplicó correctamente la ley al ordenar la devolución, luego de que determinó que no medió culpa de la compradora al no llevarse a cabo la compraventa. Es inmeritorio el planteamiento de EJ que no procedía la devolución total por no estar incluido en la querella el dueño de la propiedad, puesto que bajo el contrato, el depósito debía mantenerse en una cuenta de reserva en el Banco, a menos que la compradora rehusara formalizar la compraventa en los noventa (90) días, lo que se determinó no sucedió en este caso.

En conclusión, no existe en el expediente evidencia que demuestre que DACO incurrió en los errores alegados o que abusó de su discreción al concluir, conforme la prueba que evaluó, que la señora Delgado Torres no incumplió el contrato de opción. Tanto la Ley para Reglamentar el Negocio de Bienes Raíces como el contrato entre las partes sostienen la decisión tomada por la agencia, ante los hechos que encontró probados DACO y que no han sido controvertidos.

En virtud de lo antes expuesto, se deniega la expedición del recurso.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General